IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SOUTH BOSTON ENERGY LLC, D/B/A
NOVEC ENERGY PRODUCTION
HALIFAX COUNTY BIOMASS,

  Plaintiff,

v.                                           Case No. _____

HARTFORD STEAM BOILER SPECIALTY
INSURANCE COMPANY,

  Defendant.

## ANSWER

The Defendant, HSB Specialty Insurance Company ("HSB") (mistakenly named herein as "Hartford Steam Boiler Specialty Insurance Company"), by counsel, and for its Answer to South Boston Energy LLC, D/B/A Novec Energy Production Halifax County Biomass' (NOVEC) Complaint, states as follows:

1. Paragraph 1 of the Complaint does not include any allegations against HSB, and, therefore, no response is required.  To the extent any response is required, HSB states that it is without sufficient information to admit or deny the allegations, and, therefore, denies the allegations as stated.

2. In response to Paragraph 2 of the Complaint, HSB admits only that it issued Policy No. NHX5212031 to named insured, South Boston Energy, LLC d/b/a NOVEC Energy Production Halifax County Biomass with an effective date of 12/31/15.  In response to the remaining allegations in Paragraph 2, HSB states that its promotional materials speak for themselves and it denies any allegations in Paragraph 2 of the Complaint that are incomplete or that are inconsistent with its promotional materials.

3. In response to Paragraph 3 of the Complaint, HSB admits only that it received notice of a claim from NOVEC in the Spring of 2016 and that it undertook an investigation of the claim. HSB states that it is without sufficient knowledge or information to admit or deny the remaining allegations, and, therefore, denies them and calls for strict proof thereof.

4. In response to Paragraph 4 of the Complaint, HSB admits only that from its initial investigation of the claim it concluded that the alleged loss did not exceed the $500,000 deductible provided for in NOVEC's Policy.  Answering further, HSB denies that NOVEC had provided all of the information HSB requested concerning the alleged loss at the time it made its initial claim evaluation.  Answering further, HSB denies the remaining allegations in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, HSB admits that in December of 2017, it had concluded that the Policy was not implicated by claim asserted by NOVEC.  HSB denies the remaining allegations in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, HSB denies that any amount if due and owing under the Policy and denies that NOVEC is entitled to the relief requested.

7. Upon information and belief, HSB admits the allegations in Paragraph 7 of the Complaint.

8. HSB admits the allegation in Paragraph 8 of the Complaint, except it states that the proper name of the defendant is HSB Specialty Insurance Company.

9. In response to Paragraphs 9 and 10 of the Complaint, HSB states that these paragraphs state legal conclusions to which no response is required.  To the extent any response is required HSB denies them and calls for strict proof thereof.

10. In response to Paragraph 11 of the Complaint, HSB states that Paragraph 11 states a legal conclusion to which no response is required. To the extent any response is required HSB denies the allegations and calls for strict proof thereof.

11. Upon information and belief, HSB admits the allegations in Paragraph 12 of the Complaint.

12. In response to Paragraphs 13, 14 and 15 of the Complaint, HSB states that it is without sufficient knowledge or information to admit or deny the allegations, and, therefore, denies them and calls for strict proof thereof.

13. HSB denies the allegations in Paragraph 16 of the Complaint.

14. In response to Paragraphs 17, 18, 19 and 20, HSB states that these paragraphs do not include any allegations against it, and, thus, no response is required. To the extent any response is required, HSB denies the allegations in Paragraphs 17, 18, 19 and 20 of the Complaint and calls for strict proof thereof.

15. HSB denies the allegations in Paragraphs 21 and 22 of the Complaint.

16. In response to Paragraph 23 of the Complaint, HSB states that Paragraph 23 does not include any allegations against it, and, thus, no response is required. To the extent any response is required, HSB denies the allegations in Paragraphs 23 of the Complaint and calls for strict proof thereof.

17. In response to Paragraph 24 of the Complaint, HSB states that Paragraph 23 does not include any allegations against it, and, thus, no response is required. To the extent any response is required, HSB denies the allegations in Paragraphs 23 of the Complaint and calls for strict proof thereof. Answering further, HSB denies that NOVEC suffered a covered loss covered by the Policy as alleged.

18. In response to Paragraph 25 of the Complaint, HSB admits only that NOVEC alleges it incurred $1,270,635 in repair costs. Answering further, HSB denies that NOVEC suffered a loss covered by the Policy as alleged.

19. In response to Paragraph 26 of the Complaint, HSB states that it is without sufficient knowledge or information sufficient to enable it to admit or deny the allegations, and, therefore, denies them and calls for strict proof thereof.

20. In response to the allegations in Paragraphs 27, 28, 29, 30, 31, 32, and 33, HSB states the Policy speaks for itself and it denies any allegations in these paragraphs that are incomplete or inconsistent with the terms of the Policy. Answering further, HSB denies that NOVEC suffered a loss covered by the Policy as alleged.

21. HSB admits the allegations in Paragraph 34 of the Complaint.

22. In response to Paragraphs 35 and 36 of the Complaint, HSB states that the referenced letter speaks for itself and it denies any allegations in Paragraphs 35 and 36 that are inconsistent with the referenced letter. Answering further, HSB denies that NOVEC had provided all of the information HSB requested concerning the alleged loss at the time it made its initial claim evaluation. Answering further, HSB denies that NOVEC suffered a covered loss covered by the Policy as alleged.

23. In response to Paragraph 37 of the Complaint, HSB admits only that NOVEC alleges it incurred $1,270,635 in repair costs. Answering further, HSB denies that NOVEC suffered a loss covered by the Policy as alleged.

24. In response to Paragraphs 38, 39 and 40 of the Complaint, HSB states that the referenced letter speaks for itself and it denies any allegations in Paragraphs 38, 39 and 40 that are inconsistent with the referenced letter. Answering further, HSB denies that NOVEC had

provided all of the information HSB requested concerning the alleged loss at the time it made its initial claim evaluation. Answering further, HSB denies that NOVEC suffered a covered loss covered by the Policy as alleged.

25. In response to Paragraph 41 of the Complaint, HSB admits that by cover letter dated August 31, 2017, NOVEC's counsel provided three CD's on which NOVEC provided additional information not previously provided regarding the claim. Answering further, HSB denies that the three CD's included all of the requested information.

26. HSB denies the allegations in Paragraph 42 of the Complaint.

## COUNT I

### (Breach of Contract)

27. In response to Paragraph 43 of the Complaint, HSB incorporates its response to Paragraphs 1 – 42 of the Complaint as if fully set forth herein.

28. In response to Paragraph 44 of the Complaint, HSB states that the allegations are legal conclusions to which no response is required. To the extent any response is required, HSB denies any allegations which are incomplete or inconsistent with the terms of the Policy. Answering further, HSB denies that NOVEC suffered a covered loss covered by the Policy as alleged.

29. In response to Paragraph 45, HSB admits only that NOVEC had paid the premium on the Policy at issue and that such Policy was in effect on the date of the alleged loss. Answering further, HSB denies the remaining allegations in Paragraph 45 of the Complaint.

30. HSB denies the allegations in Paragraphs 46, 47, 48, 49, 50 and the last unnumbered paragraph of the Complaint. Answering further, HSB denies that NOVEC suffered a covered loss covered by the Policy as alleged and further denies that there is any amount due to

the insured under the terms of the Policy and denies that NOVEC is entitled to the relief requested.

31. HSB denies all allegations contained in the Complaint not specifically admitted herein, including any allegations contained in unnumbered paragraphs.

32. HSB denies that it is liable to NOVEC in any amount, for any cause whatsoever.

51. HSB will rely upon any and all proper and provable defenses that may be revealed through investigation, discovery or the presentation of evidence.

52. HSB hereby reserves all potential coverage defenses available to it with respect to any claim under the subject Policy.

### Affirmative Defenses

1. The Complaint fails to state a claim or cause of action for breach of contract upon which relief can be granted.

2. The Complaint fails to state a claim or cause of action under Va. Code Section 38.2-209 upon which relief can be granted.

3. HSB acted in good faith at all relevant times with regard to the subject claim by NOVEC.

4. The loss alleged in the Complaint fails to meet the requirements of the definition of accident in the subject Policy.

5. Exclusion 1.(o) in the Policy excludes coverage for the claim at issue.

6. Exclusion 2.(b) in the Policy excludes coverage for the claim at issue.

7. NOVEC has failed to comply with the conditions in the Policy, including the policy conditions requiring the insured to cooperate and prove its loss.

8. To the extent NOVEC failed to disclose any reimbursements it may have received from third parties with regard to the loss alleged, NOVEC has failed to comply with the policy condition concerning concealment, misrepresentation or fraud thereby voiding the Policy.

9. HSB reserves the right to rely on any and all defenses under the Policy, and reserves the right to amend this Answer at any time it may be so advised.

WHEREFORE, Defendant HSB Specialty Insurance Company, by counsel, requests that this Court enter judgment in its favor and against NOVEC and to provide for such other relief as this Court may determine is fair and equitable, including an award of costs incurred herein.

**HSB SPECIALTY INSURANCE COMPANY**

By Counsel

s/Elizabeth S. Skilling
Elizabeth S. Skilling (VSB No. 28063)
Robert F. Friedman (VSB No. 82118)
Harman, Claytor, Corrigan & Wellman
Attorney for HSB Specialty Insurance Company
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
eskilling@hccw.com
rfriedman@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 17th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Kristin C. Davis, Esq.
>Julie L. Hammerman, Esq.
>Gary Thompson, Esq.
>Weisbrod, Matteis & Copley, PLCC
>1200 New Hampshire Avenue, NW, Suite 600
>Washington, DC 20036

>s/Elizabeth S. Skilling
>Elizabeth S. Skilling (VSB No. 28063)
>Robert F. Friedman (VSB No. 82118)
>Harman, Claytor, Corrigan & Wellman
>Attorney for HSB Specialty Insurance Company
>P.O. Box 70280
>Richmond, Virginia  23255
>804-747-5200 - Phone
>804-747-6085 - Fax
>eskilling@hccw.com
>rfriedman@hccw.com